Mr. Chief Justice Johnson delivered the opinion of the Court. The constitutionality of the act, upon which the indictment was framed, is no longer open to controversy. That question has been examined and definitively settled by this Court, at the present term, in the case of Shover vs. The State; and it was there held that the act is clearly within the constitutional power of the Legislature. The only question, therefore, now remaining to be decided in this case, relates to the sufficiency of the description of the offence. The first count, which is the one upon which the defendant was convicted, charges that, on the 6th August, A.D. 1848, the same being Sunday, he, the defendant, with force and arms ? ■within the body of the county of Hempstead, did, then and there, unlawfully keep open his store, contrary to the form of the statute, &c. The act, by which the offence in question was created, declares that “Every person who shall, on Sunday, keep open any store', or retail any goods, wares or merchandize, or keep open any dram-shop or grocery, or sell or retail any spirits or wine, shall be deemed guilty of a misdemeanor, and, on conviction, shall be fined in any sum not less than ten dollars nor more than twenty.” And the next section further provides that “ Charity or necessity on the part of the customer may bé shown in justification of the violation of the last preceding section.” 'When a statute contains provisos and exceptions in distinct clauses, it is not necessary to state in the indictment that the defendant does not come within the exceptions or to negative the provisos it contains. (See 1 Sid. 303. 2 Hale 171. 1 Lev. 26. 1 C. C. L. 191.) Nor is it even necessary to allege that he is not within the benefit of the provisos, though the purview should expressly state them, as by saying that none shall do the act prohibited except as in the cases thereinafter excepted. For all these are matters of defence, which the prosecution need not anticipate, but which are more properly to come from the prisoner. Thus, in an indictment against the receiver of stolen goods on 5 Ann. C. 31, whereby he is liable as for a misdemeanor, if the principal be not taken, it is not necessary to aver that the principal is not taken, or, on the 22 Geo. III, ch. 58, sec. 1, to state that he has not been convicted. So, also, in an indictment for not going to church, it is not necessary to aver that the defendant had no reasonable excuse for his absence, on account of the words in the act “ having no reasonable excuse to be absent;” but as the necessity for proving the excuse lies upon the defendant, the contrary need not be averred by the prosecution. (See 1 C. C. L. from 191 to 192, and authorities there cited.) But, on the contrary, if the exceptions themselves are stated in the enacting clause, it will be necessary to negative them in order that the description of the crime may in all respects correspond with the statute. Thus, in an indictment on the statute, 8 & 9 W. III, ch. 26, sec. 6, which enacts that if any person shall take, receive, pay, or put off any counterfeit milled money, or any milled money whatsoever, unlawfully diminished and not cut in pieces for a lower rate than its nominal value, he shall be guilty of felony, it is absolutely necessary to state that the money was cut in pieces; and if those words be omitted, the informality will be fatal. (Ib.) It is clear, from the authorities referred to, that in indictments where the trial is to be conducted according to the course of the common law, it is not necessary to state the exceptions contained in the section subsequent to the one creating the offence. The distinction taken in the books is obviously between those statutes which make the provisos and exceptions a part and parcel of the offence and such as introduce them after the offence is full and complete. We are clear, therefore, that the indictment is not bad for the failure to negative the exceptions, as they were not necessary to a full description of the offence. But the objection taken by the counsel, upon which he mainly relies, is, that the indictment is ill. for a failure to allege any criminal intent, which is supposed to have prompted the commission of the act charged against the defendant. It is conceded, as contended by the defendant’s counsel, that it is not always sufficient to pursue the exact words of the statute. As, for example, an indictment for obtaining money upon false pre-tences, though in the very words of the statute, would be insufficient, because of the uncertain and indefinite description of the offence. The defendant, in such cases, is entitled to be informed of the particular facts and circumstances constituting the crime alleged against him. The law would be the same in an indictment for profane cursing and swearing. It would not be sufficient to charge a party with having profanely sworn so many oaths, as a profane oath is a matter of law, depending upon the particular words used, and therefore not to be decided by the witness but by the Court. This rule may be said to apply to most cases where the offence is described by general words in the statute, and where it really consists in a number of particulars. It is said that none but a barrator and common scold are indictable by general words. (Stra. 1246.) This is necessarily the law in this class of cases, as the indictment would not other-, wise be, as defined by Lord Hale, a plain, brief and certain narrative of an offence committed by any person and of those necessary circumstances that concur to ascertain the fact and its nature. This specification of facts and circumstances is not required as a means of manifesting the particular intent with which the offence was committed, but simply to uphold and bring to light the facts and circumstances constituting the very body of the crime and from which alone to infer the intent. Where a statute prohibits the doing of an act which is either innocent or indifferent in itself, but refers its criminality to a particular intent, it is clear that in such case the intent must be expressly averred and satisfactorily proven to warrant a conviction. Lord Mansfield, in the case of The King vs. Woodfall, said: “ That where an act in itself indifferent, if done with a particular intent becomes criminal, there the intent must be proved and found: but where the act is in itself unlawful, (as in this case,) the proof of justification or excuse lies on the defendant, and in failure thereof the law implies a criminal intent.” (5 Burr. 2664.) The statute in question does not make the act charged against the defendant to depend upon any particular intent for its criminality, and, therefore, according to The King vs. Woodfall, the law implies it upon the finding of the fact, and unless the defendant can justify or excuse himself, by showing that it occurred either from motives of charity or that necessity required it, he will be held legally responsible. The first section of the same act creating the offence, charged against the defendant, declares that “Every person who shall, on the Sabbath or, Sunday, be found laboring, or who shall compel his apprentice, servant, or slave, to labor or to perform other services than customary house-hold duties of daily necessity, comfort, or charity, shall be deemed guilty of a misdemeanor, and, on conviction, shall be fined one dollar for each separate offence.” In framing an indictment upon this section of the act, though it might be necessary to negative all the provisos and exceptions contained in the section creating the offence, yet it is clear that the law would not require an averment of any particular intent. The act of laboring on the Sabbath is the very gist of the offence, and its criminality is not made in the slightest degree to depend upon any particular intent which may possibly prompt the act. We think that, both upon principle and authority, the offence is sufficiently described in the indictment, and that as the record shows no justification or excuse for the act, the defendant was rightfully convicted. The judgment of the Hempstead Circuit Court herein rendered is, therefore, in all things, affirmed.